# 15-1407

# United States Court of Appeals for the Second Circuit

ADAM BERKSON, et al.

Appellees-Movants,

v.

GOGO LLC, et al.

Appellants-Respondents.

On Appeal from the United States District Court
for the Eastern District of New York
No. 14-1199 (JBW)(LB)

## BRIEF IN OPPOSITION TO PLAINTIFFS' EMERGENCY MOTION FOR A STAY OF THE APPEAL

Anthony J. Laura
EPSTEIN BECKER & GREEN, P.C.
250 Park Avenue
New York, New York 10177
(212) 351-4500
alaura@ebglaw.com
*Attorneys for Appellants
Gogo LLC and Gogo Inc.*

i

## **TABLE OF CONTENTS**

**PAGE**

TABLE OF AUTHORITIES ................................................................................... ii

INTRODUCTION ..................................................................................................... 1

ARGUMENT ............................................................................................................. 1

CONCLUSION .......................................................................................................... 3

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re World Trade Center Disaster Litigation*,
    503 F.3d 167 (2d Cir. 2007) ............................................................................... 2

## INTRODUCTION

Appellants Gogo LLC ("Gogo") and Gogo Inc. (together, "Defendants") submit this preliminary opposition to Plaintiffs' emergency motion for a stay of this appeal.[1] In the event this motion is placed on a normal motion schedule, Defendants reserve the right to supplement this response within the time prescribed by Rule 27(a)(3)(A).

As an initial point of factual clarification, any statement or implication in Plaintiffs' motion that this matter is "settled" is incorrect. No settlement has been concluded to date. While the parties have outlined a framework and have agreed to work toward drafting and negotiating a definitive settlement agreement, there is no binding settlement (which would still remain subject to district court approval) unless and until such a written agreement is finalized, executed and delivered. For those reasons, as well as the reasons set forth below, the current posture of this case does not warrant a stay of appellate proceedings.

## ARGUMENT

This Court has already determined that this appeal merits expedited treatment. It would certainly contravene the expedited mandate to delay the appeal due to the prospect of a settlement agreement being finalized in the future which,

---

[1] Plaintiffs styled their motion as an "Emergency Motion for a Stay Pending Appeal," but that appears simply to have been mistyped.

even then, would remain subject to approval or rejection thereafter by the district court.

Defendants presume that Plaintiffs' request for a stay would be governed by the same legal principles as any other motion for a stay of proceedings: (1) whether the movant has made a showing it is likely to succeed on the merits; (2) whether the movant will suffer irreparable harm absent a stay; (3) whether other interested parties will be substantially injured by a stay; and (4) where the public interest lies. *See, e.g., In re World Trade Center Disaster Litigation,* 503 F.3d 167, 170 (2d Cir. 2007).

As the Plaintiffs themselves noted in Defendants' earlier motion for a stay of district court proceedings pending appeal, the mere fact of undertaking additional legal work is typically not considered irreparable injury at all. Notably, here, Plaintiffs make no claim that they will be irreparably harmed. They will not, especially not in the near term, as the only imminent deadline is for **Defendants** to submit their opening brief on appeal, which they will do as scheduled on July 31, 2015.

The most that Plaintiffs say about any harm at all is that the appeal would be a "distraction for the parties." Whether "distraction" satisfies the irreparable harm standard is questionable, at best. In any event, Defendants (and, presumably, Plaintiffs) remain intent on working toward a consensual resolution of the case in

2

the district court. That was evidenced by the parties' voluntary participation in mediation sessions while the clock was ticking on Defendants' deadline to file its opening appeal Brief, and we expect will continue to be evidenced going forward as the parties work toward a definitive settlement agreement.

In the event that a settlement is either not concluded or not approved by the district court, a delay in this appeal will not only cause injury to Defendants (in having lost the benefit of the Court granting their request to expedite the appeal), it would be injurious to the public at large. A central issue on appeal is the process for determining the contractual validity of a "terms of use" agreement of the type regularly encountered in Internet commerce. In its opinion below, the district court noted the ubiquity of such Internet-based "terms of use" agreements. We expect this Court also recognizes that, and appreciates as well the impact its decision on this appeal may have on the thousands, if not millions, of consumers and merchants who conduct transactions over the Internet on a daily basis. Delaying this appeal will delay the legal guidance this Court's decision will impart on those merchants and consumers. For these reasons, the public interest appears to be heavily in favor of proceeding with the pending appeal.

## **CONCLUSION**

Defendants recognize that a resolution of this case in the future by court-approved settlement in the district court may well render this appeal moot.

3

However, the parties are far from that point. Until then, there is no justification for preventing this appeal from continuing to move ahead. We respectfully request that the Court deny Plaintiffs' motion to stay the appeal.


Dated: July 30, 2015   /s/ *Anthony J. Laura*
Anthony J. Laura
EPSTEIN BECKER & GREEN, P.C.
250 Park Avenue
New York, New York 10177
(212) 351-4500
alaura@ebglaw.com

4